IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-00559-ZLW

RONNIE LEE RAILE,

AUG - 9 2006

     Plaintiff,

GREGORY C. LANGHAM
CLERK

v.

JOE ORTIZ (Executive Director Colorado Dept. of Corrections), and
CHRIS MACHETTE (Time Computation Supervisor/CDOC),

     Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

     Plaintiff Ronnie Lee Raile has filed *pro se* on August 2, 2006, a "Petition for Rehearing Pursuant to D.C. COLO. LCivR. 1.1." Mr. Raile asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on July 14, 2006. The Court must construe the motion liberally because Mr. Raile is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

     A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Raile's motion to reconsider in this action, which was filed more than ten days after the Court's July 14, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action as legally frivolous and malicious because Mr. Raile previously raised the same claims in a prior action in this Court that was dismissed as legally frivolous.  Mr. Raile was given an opportunity to show cause why the instant action should not be dismissed as legally frivolous and malicious and he filed a response to the order to show cause on June 9, 2006.  In the motion to reconsider Mr. Raile seeks another opportunity to demonstrate that his claims have merit because he recently was transferred to a new facility and the new facility has been on lockdown status.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Raile fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to vacate the order of dismissal in this action.  As noted above, Mr. Raile was given an opportunity to show cause why his claims should not be dismissed and he submitted a response to that order.  His recent transfer and the conditions at his new facility could not have impacted the response he filed on June 9. Furthermore, the Court remains convinced that the claims raised in this action already have been addressed on the merits in a prior action.  Therefore, the motion to reconsider will be denied.  Accordingly, it is

2

ORDERED that the "Petition for Rehearing Pursuant to D.C. COLO. LCivR. 1.1"

filed on August 2, 2006, is denied.

DATED at Denver, Colorado, this __8__ day of _____Aug._____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00559-BNB

Ronnie L. Raile
Prisoner No. 47850
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed   a copy of the **ORDER** to the above-named individuals on ___8/9/06___

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk